UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENA GRAYES, et al., | ) | CASE NO. 1:22 CV 0035 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DAN SHEPPARD, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Ena Grayes filed this action on behalf of herself and her husband Otto Grayes against her landlord Vanguard Properties ("Vanguard") and Vanguard employee Dan Sheppard. In the Complaint (Doc. No. 1), Ena Grayes describes various disputes she has had with her landlord. She asserts that Vanguard and Sheppard violated Ohio Rev. Code §§ 2905.11 (extortion), 2739.01 (libel and slander) and 2923.31 (corrupt activity). On her Civil Cover Sheet, which is not part of her pleading, she lists 18 U.S.C. § 2255 as a cause of action for contributory negligence. She seeks criminal prosecution of the Defendants as well as unspecified monetary damages. She also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

As an initial matter, although the case caption lists Ena and Otto Grayes as Plaintiffs, only Ena Grayes signed the Complaint. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of*

*Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] An adult litigant who wishes to proceed *pro se,* which is Latin for "in one's own behalf," must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). An adult litigant who is not a licensed attorney cannot bring claims on behalf of another person, even if that person is a spouse or a child. Ena Grayes does not appear to be an attorney. Because only her signature appears on the pleading, the Court can only consider claims that pertain to her.

## I. BACKGROUND

Plaintiff alleges that she and her husband reside in an apartment that is owned and/or managed by Vanguard. She states she returned home on August 14, 2020 to find items in the apartment had been moved while she was away. She contends that she did not receive 24 hour notice that the landlord intended to enter the apartment. She filed a police report with the Cleveland Police Department.

Approximately one year later, on August 10, 2021, an individual named Danny came into her apartment using a key he had obtained from Vanguard.[2] He fixed a crack in the Plaintiff's bathroom. Plaintiff contends that the real problem was a hole in the kitchen ceiling,

---

[1] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

[2] The individual Plaintiff refers to as "Danny" may be Dan Sheppard that Plaintiff listed as a Defendant in her case caption.

which Plaintiff claims is unrelated to the crack in the bathroom. Danny returned to the apartment later that day to retrieve a hang tag he had left at the apartment and Plaintiff confronted him about entering without giving her 24 hour notice. He told her he had been given a key by Vanguard employees. She contends he left the apartment with the key still in his possession. She filed a police report with the Cleveland Police Department.

Plaintiff alleges that on August 27, 2021, her husband noticed that his newly filled prescription medications were only half full. She does not allege what she believes happened to the medication. She filed another police report.

Finally, Plaintiff alleges she and Vanguard disagreed about the payment of an exterminator bill. Plaintiff informed Vanguard in 2019 that for the last year, they have seen "black ants, centipedes, strange black bugs, bed bugs, and a mouse" in their apartment. (Doc. No. 1-4 at 3). Vanguard responded by hiring an exterminator and sending him to Plaintiff's apartment. Plaintiff indicates that although the origin of the insects and rodents could not be determined, she was charged the full amount of the exterminator's fee. (Doc. No. 1-4 at 3). She contends it should have been split among the apartment tenants. Plaintiff alleges that she was told her lease would not be renewed if she did not pay the bill. Plaintiff was able to set up a payment plan in August 2020 to cover the balance and indicated her intention to renew the lease.

Plaintiff asserts that the Defendants violated Ohio Rev. Code §§ 2905.11 (extortion), 2739.01 (libel and slander) and 2923.31 (corrupt activity). On her Civil Cover Sheet she lists 18 U.S.C. § 2255 as a cause of action for contributory negligence. She seeks criminal prosecution of the Defendants as well as unspecified monetary damages.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

## III. ANALYSIS

This case is at its heart a landlord/tenant dispute over which federal courts typically do not have jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that she is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists Ohio addresses for

herself and both of the Defendants. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, that means that the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and Defendants are all citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. The causes of action listed in the Complaint are all violations of state law. On the basis alone, federal jurisdiction cannot be premised on a pled violation of federal law. Plaintiff, however, indicates on the Civil Cover Sheet filed with her pleading that she is seeking relief under 18 U.S.C. § 2255. This Court could liberally construe that statement as an attempt to assert a claim under that statute. It, however, is not applicable to the facts of this case.

Title 18 U.S.C. § 2255 provides:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

18 U.S.C.A. § 2255. Sections 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, and 2423 of Title 18 provide criminal penalties for transport of

-6-

minors to engage in criminal sexual activity, forced child labor, human trafficking, sexual trafficking of children, aggravated child sexual abuse across state lines, sexual abuse in custodial situations, sexual exploitation of children, buying or selling children for sexual exploitation, and engaging the production or transport of child pornography. This statute clearly does not apply to Plaintiff's dispute with her landlord.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

                                              /s/ Dan Aaron Polster         March 23, 2022
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.